ORDERED ACCORDINGLY.

Dated: April 19, 2012

*George B. Nielsen, Bankruptcy Judge*

_____

**Kenneth L Neeley #025899**
**James R. Tschudy #027039**
Neeley Law Firm, PLC
2250 E. Germann Rd., Suite 11
Chandler, AZ 85286
Phone: 480.802.4647
Fax: 480.907.1648
Web: www.NeeleyLaw.com
*Attorneys for Plaintiffs*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re:

Scott V. Mathews and Holly E. Mathews,

    Debtors/Plaintiffs.

vs.

Compass Bank, or its successors in interests or assigns,

    Defendant.

In Proceedings Under Chapter 13
Case No.: 2:12-bk-00859-GBN
Adv. Proc.: 2:12-ap-00124-GBN

**ORDER FOR DEFAULT JUDGMENT**
(Declaratory Relief)

On January 18th, 2012, Debtors filed a complaint to determine the extent, validity and priority of the lien of Compass Bank, or its successors in interests or assigns (hereinafter "Lienholder"), against the property commonly known as 38805 North Red Tail Lane, Anthem, Arizona 85086, and more fully described as:

**LOT 13, OF ANTHEM UNIT 75A, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED AS BOOK 787 OF MAPS, PAGE 20. A.P.N.: 203-10-901.**

which lien was recorded in Maricopa County on or about May 15th, 2007 at fee number 2007-0563996 (hereinafter the "Second Lien"). This Second Lien is in second position and is the approximate amount of $49,957 as evidenced by the most recent statement sent to Mr. and Mrs. Mathews. The First Lien is held by JPMorgan Chase Bank, N.A. in the approximate amount of

$352,102 as evidenced by the most recent statement sent to Mr. and Mrs. Mathews. The property is worth approximately $253,200 as of the date of filing their bankruptcy. Therefore, there is no secured value in the amount of the Second Lien.

The court finds that notice of the complaint upon Lienholder was proper. Lienholder having failed to file timely opposition to Debtors' complaint, the court hereby orders as follows:

1. For purposes of Debtors' Chapter 13 plan only, the Second Lien is valued at zero. Lienholder does not have a secured claim and the Second Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b) (2) and 1327, provided that the Chapter 13 case is completed and the Debtors receive a discharge.

2. This order shall become part of Debtors' confirmed Chapter 13 Plan.

3. Upon entry of discharge in Debtors' Chapter 13 case, the Second Lien shall be voided for all purposes and, upon application by Debtors, the Court will enter an appropriate form of judgment voiding the Second Lien.

4. Upon entry of the Discharge order, Defendant shall properly record in Maricopa County a release or cancellation of lien at no charge to Plaintiffs;

5. If Debtors' Chapter 13 case is dismissed or converted to Chapter 7 before Debtor obtains a discharge, this order shall cease to be effective and the Second Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Lienholder, the Court will enter an appropriate order restoring the Second Lien.

6. Except as provided by separate, subsequent order of this Court, the Second Lien may not be enforced so long as this order remains in effect.

7. If the lender files a Proof of Claim regarding this Second Lien, it shall hereby be classified and shall be paid as a general unsecured claim.

8. The Clerk shall close this file.

ORDERED BY JUDGE AT TOP